# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 13, 2017

* * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CARMEN JAMES, on behalf of her minor child, A.J., | * * * | No. 15-1576V |
| Petitioner, | * * | Special Master Sanders |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorneys' Fees and Costs; Reasonable Amount Request. |
| Respondent. | * | |

* * * * * * * * * * * * * * * *

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 28, 2015, Carmen James ("Petitioner") filed a petition on behalf of her minor child, A.J., for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that A.J. suffered from a severe adverse reaction, including seizures and Anti-N-methyl-D-aspartate ("Anti-NMDAR") receptor encephalitis, as a result of an influenza ("flu") vaccine administered on November 13, 2014. Decision, ECF No. 41. On October 25, 2017, the undersigned dismissed Petitioner's claim for insufficient proof of causation. *Id.*

On November 2, 2017, Petitioner filed an application for attorneys' fees and costs. Mot. Att'ys' Fees, ECF No. 45. Petitioner requested $39,123.00 in attorneys' fees and $21,005.13 in costs, for a total of $60,128.13. *Id.* at 2. Petitioner averred that she incurred no personal costs during the prosecution of this case. *Id.* at 3.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent submitted a Response to Petitioner's motion on November 3, 2017. Resp., ECF No. 46. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. On November 6, 2017, Petitioner informed the undersigned that Petitioner will not submit a reply to Respondent's filing. Informal Comm., dated Nov. 6, 2017.

The undersigned has reviewed the detailed records of time and expenses of Petitioner's counsel, and finds that they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $60,128.13,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Andrew D. Downing, of Van Cott & Talamante, PLLC.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).